UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-14375-JEM

JERUSCHA TOUSSAINT,

        Plaintiff,

vs.

WALMART, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [ECF No. 3]

        Defendant Walmart, Inc., moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted. ECF No. 3 (the "Motion"). First, Walmart argues that Ms. Toussaint has already had the opportunity to fully litigate in state court any claims for race discrimination, sex discrimination, and retaliatory termination. Second, Walmart argues that Ms. Toussaint had not exhausted her administrative remedies under the Florida Civil Rights Act, Title VII, the ADA, and the ADEA, and that it is now too late to file a charge of discrimination related to Walmart terminating Ms. Toussaint's employment in 2019. Third, Walmart argues that any claim under the Equal Pay Act is barred by the three-year statute of limitations.

Ms. Toussaint did not file a timely response to the Motion. Instead, over four months after the Motion was filed, she filed a response to a Notice of 90 Days Expiring that appears to respond to arguments in the Motion to Dismiss. ECF No. 20 ('the Response").

For the following reasons, I recommend that Walmart's Motion to Strike the Response be granted and that the Complaint be dismissed as a shotgun pleading with leave to amend it once.

A. *Motion to Strike*

Walmart moves to strike the Response as untimely and to grant the Motion as unopposed. ECF No. 21. The Local Rules require a litigant to file an opposition to a motion within 14 days after being served with the motion. Failure to timely file an opposition "may be deemed sufficient cause for granting the motion by default." SDFL Local Rule 7.1(c)(1). Federal Rule of Civil Procedure 6(b) allows the Court to excuse a belated filing "if the party failed to act because of excusable neglect."

Walmart's Motion to Strike should be granted. A Notice of 90 Days Expiring is not a "motion" that requires a response. *Compare* Local Rule 7.1(b)(4)(B) (permitting a "*Notice* of Ninety Day Expiring") (emphasis added) *and* Local Rule 7.1(c)(1) (permitting a response to "all *motions*") (emphasis added). Nor does Ms. Toussaint's pleading address whether the Notice is properly filed. So, if the pleading is intended to respond to the Notice, it has no legal value.

The pleading is better viewed as an out-of-time response to Walmart's motion to dismiss. On page 2 of her pleading, Ms. Toussaint says, "A response to a Motion to

2

Dismiss is not mandatory and due to the blatant discrepancies in the Defendant's response, coupled with the evidence produced by Ms. Toussaint it was unneeded. However due to the continues [sic] attempts to dismiss this case *it is now required*." ECF No. 20 at 2 (emphasis added). Ms. Toussaint offers no facts or argument why her failure to file a timely response resulted from excusable neglect. Therefore, the Court will not consider the Response.

   B. *Motion to Dismiss*

Even having stricken the Response, the Court cannot dismiss the complaint with prejudice at this time because the complaint is a shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When a pleading fails to comply with this requirement, it is called a shotgun pleading.

Ms. Toussaint's failure to respond to the Motion does not resolve whether the Motion should be granted. Local Rule 7.1(c) says that not filing an opposition "may be deemed sufficient cause for granting [a] motion by default." In exercising that discretion, I find persuasive the holding in *Gailes v. Marengo County Sheriff's Dept.*, 916 F. Supp. 2d 1238 (S.D. Ala. 2013) that when no response is filed, the Court must still resolve the motion on its merits. That is, the lack of a response concedes the arguments made in the motion, but those arguments must be sufficient to warrant the relief being sought.

Here, it is impossible to evaluate whether the motion is meritorious because it is impossible to figure out what causes of action Ms. Toussaint is bringing. If Ms.

Toussaint is bringing claims under the FCRA, ADA, Title VII, ADA, or Equal Pay Act (as Walmart believes), those claims very well may be legally barred. But, Ms. Toussaint may be trying to bring other claims.

The Complaint is a quintessential shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1323 (11th Cir. 2015).

The body of the Complaint comprises 148 paragraphs over 54 pages. The cover sheet references "Discrimination – employment or other (fraud)". ECF No. 1-2 at 5. The cover sheet also says Ms. Toussaint wants monetary damages, non-monetary relief, and punitive damages. But, the Complaint does not cite to legal authority for awarding punitive damages nor does it explain the legal basis for non-monetary relief. The hand-written first page of the Complaint alleges a fiduciary relationship between Walmart and Ms. Toussaint. And, in her response to the Notice of 90 Days Expiring, Ms. Toussaint says that she is trying to bring claims for defamation, fraud, and emotional distress.

In sum, the Complaint does not identify what laws were violated, does not plead each alleged violation as a separate count, *see* Fed. R. Civ. P. 10(b), and does not explain which facts support each alleged violation of the law. The Eleventh Circuit has instructed lower courts confronted with this kind of shotgun pleading to dismiss it without prejudice without trying to parse it, and to give the pleader one

4

last chance to correct the problems. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018).

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court:

1.  GRANT the motion to strike Docket Entry 20; and

2. DISMISS the Complaint without prejudice and grant Ms. Toussaint leave to file an Amended Complaint.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 13th day of June, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE